No. 16-0357 - State of West Virginia v. Wayne Dubuque

**FILED**

**September 21, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Chief Justice, concurring, joined by WORKMAN, J., and WALKER, J.:

In consideration of the Legislature's 2014 amendments to West Virginia Code § 61-8C-3, I am compelled to concur in the decision to remand this action to the circuit court for resentencing. While I might wish to affirm the sentence that was imposed upon the petitioner, the current version of West Virginia Code § 61-8C-3 prevents me from doing so.

In *State v. Shingleton*, 237 W.Va. 669, 790 S.E.2d 505 (2016), the defendant was convicted of twenty counts of possession of material visually portraying a minor engaged in sexually explicit conduct. Because the defendant's criminal conduct occurred prior to 2014, he was tried and convicted under the 2010 version of West Virginia Code § 61-8C-3, which provided, in its entirety, as follows:

> Any person who, with knowledge, sends or causes to be sent, or distributes, exhibits, possesses or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than two years, and fined not more than two thousand dollars.

The defendant appealed arguing, in part, that his sentencing on twenty counts of possession of a minor engaged in sexually explicit conduct, as depicted in twenty separate photographs, violated double jeopardy. Upon our examination of our prior case law addressing double

1

jeopardy and our analysis of the unit of prosecution intended by the Legislature in West

Virginia Code § 61-8C-3 (2010), we concluded that

> rather than utilizing the plural word "materials," the Legislature chose to use the word "material" in West Virginia Code § 61-8C-3. We agree with the State that as used in this statutory context, "material" refers to the particular media that is "visually portraying a minor engaged in any sexually explicit conduct[,]" whether it be a photograph, digital image, video, etc. Moreover, the use of the singular "minor," rather than the plural "minors," reflects the Legislature's intent to protect each and every child victim.

*Shingleton*, 237 W.Va. at 687, 790 S.E.2d at 523; *see also Morgan v. Ballard*, No. 11-1677, 2013 WL 149602 (W.Va. Jan. 14, 2013) (memorandum decision) (affirming circuit court's denial of petition for writ of habeas corpus where petitioner had been convicted on ten counts of violating West Virginia Code § 61-8C-3 (2010) for his possession of ten photographs); *State v. Richard D.*, No. 13-1250, 2015 WL 3751819 (W.Va. June 15, 2015) (memorandum decision) (affirming defendant's convictions on five counts of possession of material depicting minor engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3 (2010)).

In 2014, the Legislature enacted significant amendments to West Virginia Code § 61-8C-3 that resulted in substantial changes, including a graduated sentencing scheme. The amended version of this statute currently provides, as follows:

(a) Any person who, knowingly and willfully, sends or causes to be sent or distributes, exhibits, possesses, electronically accesses with intent to view or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony.

(b) Any person who violates the provisions of subsection (a) of this section when the conduct involves fifty or fewer images shall, upon conviction, be imprisoned in a state correctional facility for not more than two years or fined not more than $2,000 or both.

(c) Any person who violates the provisions of subsection (a) of this section when the conduct involves more than fifty but fewer than six hundred images shall, upon conviction, be imprisoned in a state correctional facility for not less than two nor more than ten years or fined not more than $5,000, or both.

(d) Notwithstanding the provisions of subsections (b) and (c) of this section any person who violates the provisions of subsection (a) of this section when the conduct involves six hundred or more images or depicts violence against a child or a child engaging in bestiality shall, upon conviction, be imprisoned in a state correctional facility for not less than five nor more than fifteen years or fined not more than $25,000, or both.

(e) For purposes of this section each video clip, movie or similar recording of five minutes or less shall constitute seventy-five images. A video clip, movie or similar recording of a duration longer than five minutes shall be deemed to constitute seventy-five images for every two minutes in length it exceeds five minutes.

While this Court could have upheld the petitioner's convictions and sentencing on five counts of violating West Virginia Code §61-8C-3 under the 2010 version of that statute, just as we affirmed multiple violations and convictions in *Morgan*, *Richard D.*, and

*Shingleton*, the current version of the statute mandates that images of child pornography be aggregated for sentencing purposes. Although the State argues that the unit of prosecution under West Virginia Code § 61-8C-3 (2014) varies depending on the storage device, the current statutory context does not support that conclusion. Moreover, the State's position would lead to inequitable results, as aptly explained in this Court's opinion in this matter.

Certainly, it is within the purview of the Legislature to make each image of child pornography a statutory violation. While it has not done so, other states have. *See, e.g.,* Ala. Code 1975 §13A-12-190(16) [2006] ("SEPARATE OFFENSE. The depiction of an individual less than 17 years of age that violates this division shall constitute a separate offense for each single visual depiction."); Alaska Stat. § 11.61.127(c) (2010) ("Each film, audio, video, electronic, or electromagnetic recording, photograph, negative, slide, book, newspaper, magazine, or other material that visually or aurally depicts conduct described in AS 11.41.455(a) that is possessed or accessed in violation of (a) of this section is a separate violation of this section."); Fla. Stat. Ann. § 827.071(5)(a) ("It is unlawful for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession, control, or intentional viewing of each such photograph, motion picture, exhibition, show, image, data, computer depiction, representation, or presentation is a separate offense. If such

4

photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation includes sexual conduct by more than one child, then each such child in each such photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation that is knowingly possessed, controlled, or intentionally viewed is a separate offense.").

Child pornography is not only a heinous crime, it is an act of violence against a child:

> Distributing and exhibiting material depicting minors engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3 (2014) is a crime that "involve[s] an act of violence against a person" within the meaning of West Virginia Code § 27-6A-3(h) (2013) because it derives from and is proximately linked to physical, emotional, and psychological harm to children.

Syl. Pt. 5, *State v. Riggleman*, 238 W.Va. 720, 798 S.E.2d 846 (2017). It is critical to remember that

> [t]he "end user" of child pornography is not just tenuously involved with the commission of those violent, abhorrent crimes against children; those acts of violence were committed, videotaped, and distributed electronically for his or her use. Simply stated, those acts are so intrinsically related to the abuse of children, they result in criminal prosecution and lengthy terms of incarceration and supervised release.

*Riggleman*, 238 W.Va. at __, 798 S.E.2d 854.

Clearly, such violence demands a harsh punishment.  Under the 2010 version of West Virginia Code § 61-8C-3, harsh punishments could be imposed, and this Court affirmed such punishments in *Morgan*, *Richard D.*, and *Shingleton*.  However, this Court must apply West Virginia Code § 61-8C-3, as it is currently written.  Consequently, on remand, the original consecutive sentencing imposed upon the petitioner of twenty-five to seventy-five years imprisonment will be reduced pursuant to the current version of the statute to five to fifteen years imprisonment for his possession of five VHS tapes depicting sexual violence against a young girl.  It is now up to the Legislature to decide whether it will bring West Virginia in line with other states that have statutes expressly making each image of child pornography a separate statutory offense.

For these reasons, I respectfully concur.

6